Bland, Chancellor.
The motion to dissolve the injunction standing ready for hearing, and having been submitted on notes by the solicitors of the parties, the proceedings were read and considered.
It is not intimated in this bill, that the plaintiff had instituted a suit of any kind which was then depending, to establish his right to the lands upon which the alleged wrong had been committed. It is therefore quite clear, that this cannot be considered as one of those cases in which an injunction is granted to stay waste and preserve the property pending a suit to try the title, or to ascertain the true location of the land to which the alleged injury has been done. And as it is not stated, that there is any privity of title or estate between these parlies, this can only be regarded as a mere injunction to stay trespass alleged to have been committed by a stranger; and hence, according to the well settled course of this court, in relation to cases of this kind, where the defendant, as in this instance, positively denies all the facts of the imputed wrong and injury as charged in the bill, the injunction must be dissolved, (a)
Whereupon- it is Ordered, that the injunction heretofore granted in this case, be and the same is hereby annulled and dissolved.

 Duval v. Waters, 1 Bland, 569.